**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-1070C
(Filed: March 9, 2015)

**FILED**
**MAR - 9 2015**
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| COREY LEA, | \* |
| Plaintiff, | \* Motion to Dismiss; RCFC 12(b)(1); Motion |
| | \* to Stay Proceedings; Jurisdictional |
| v. | \* Discovery; Fifth Amendment Takings; Due |
| | \* Process; Unjust Enrichment; Conspiracy; |
| THE UNITED STATES, | \* Duplicative Claims in Two Pending Cases |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Corey Lea, Portland, TN, pro se.

Michael A. Rodriguez, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Judge

Plaintiff Corey Lea, appearing pro se and seeking leave to proceed in forma pauperis, contends that the United States, in its role as guarantor, is responsible for the damages he sustained as a result of foreclosure proceedings. Defendant moved to dismiss plaintiff's complaint for lack of jurisdiction, and in response, plaintiff moved to stay proceedings on defendant's motion to allow for discovery on the issue of jurisdiction. Because discovery would not reveal any evidence that would establish jurisdiction over plaintiff's noncontractual claims, and because plaintiff's contractual claims are currently being heard by another judge of this court, the court denies plaintiff's motion, grants defendant's motion, and dismisses plaintiff's complaint. The court also grants plaintiff's application to proceed in forma pauperis.

## I. BACKGROUND

In 2007, plaintiff obtained a loan from Farmers National Bank to purchase a farm in Warren, Kentucky.[1] Plaintiff's loan was guaranteed by the Farm Service Agency, which is part

---

[1] The court derives the factual and procedural history from the complaint in this case and the following documents from, or related to, an earlier suit brought by plaintiff that remains pending in this court: plaintiff's complaint, the court's ruling on defendant's motion to dismiss, and the decision of the United States Court of Appeals for the Federal Circuit ("Federal Circuit")

of the United States Department of Agriculture ("USDA"). As a result of the loan and the loan guarantee, Farmers National Bank held a first mortgage and the Farm Service Agency held a second mortgage on plaintiff's property.

In December 2007, plaintiff secured a loan from Independence Bank to refinance his existing loan and fund the construction of a new house on his property. However, the USDA denied his request for a loan subordination because it appraised the value of plaintiff's property at $18,035 less than the amount of debt that plaintiff would incur with the new loan. The USDA's denial led plaintiff to file a complaint with the USDA alleging racial discrimination.

In February 2009, Farmers National Bank initiated foreclosure proceedings against plaintiff due to plaintiff's failure to make payments on the loan guaranteed by the Farm Service Agency. However, in June 2009, the USDA's Office of Civil Rights directed the Farm Service Agency to suspend all foreclosure proceedings against plaintiff due to plaintiff's pending discrimination complaint. Notwithstanding this directive, Farmers National Bank obtained a foreclosure judgment against plaintiff in October 2009.

Plaintiff filed a number of lawsuits in the United States District Court for the Western District of Kentucky challenging the foreclosure of his property, all of which were dismissed. Then, in January 2014, plaintiff filed suit in the United States Court of Federal Claims ("Court of Federal Claims"). In his complaint, plaintiff alleged that the foreclosure of his property was improper, and set forth two claims for relief: breach of a contract to which he was a third-party beneficiary (the loan guarantee executed by Farmers National Bank and the Farm Service Agency) and tortious interference with his contracts to build a bio diesel plant on his property. In his request for relief, plaintiff sought an injunction prohibiting the sale or encumbrance of his foreclosed property, compensatory and punitive damages, attorney's fees, costs, and any other legal or equitable relief to which he was entitled.

Defendant moved to dismiss plaintiff's January 2014 complaint pursuant to Rule 12(b) of the Rules of the United States Court of Federal Claims ("RCFC"). In particular, defendant sought the dismissal of all of plaintiff's noncontractual claims for lack of jurisdiction pursuant to RCFC 12(b)(1), and the dismissal of plaintiff's breach-of-contract claim for failure to state a claim upon which relief could be granted pursuant to RCFC 12(b)(6). The trial judge granted defendant's motion and dismissed plaintiff's complaint. On appeal, the Federal Circuit affirmed the dismissal of all of plaintiff's noncontractual claims for lack of jurisdiction. However, it vacated the dismissal of plaintiff's breach-of-contract claim, holding that the trial judge applied an incorrect standard for determining whether plaintiff had standing to sue as a third-party beneficiary of the loan guarantee. Thus, the Federal Circuit remanded the breach-of-contract claim for further proceedings. These proceedings remain ongoing.

---

on plaintiff's appeal of the court's ruling. See generally Lea v. United States, No. 14-44C, 2014 WL 2101367 (Fed. Cl. May 19, 2014), aff'd in part, vacated in part, No. 2014-5100, 2014 WL 5786662 (Fed. Cir. Nov. 7, 2014) (unpublished decision).

On November 3, 2014, four days before the Federal Circuit issued its ruling, plaintiff initiated the instant suit by filing a complaint and an application to proceed in forma pauperis. Plaintiff filed an amended complaint the following day, and the court permitted plaintiff to file a second amended complaint on December 1, 2014. In his second amended complaint, plaintiff asserts the following noncontractual claims for relief: regulatory and "contractual" Fifth Amendment takings, violations of his right to due process, unjust enrichment, and conspiracy. Plaintiff also asserts several breach-of-contract claims, including breach of a contract for which he is a third-party beneficiary, breach of an implied-in-fact contract, breach of an express contract, and breach of the covenant of good faith and fair dealing. In his prayer for relief, plaintiff requests $3,000,000 in damages.

Defendant moved to dismiss plaintiff's second amended complaint for lack of jurisdiction. In response, plaintiff moved to stay proceedings on defendant's motion to allow for jurisdictional discovery. The parties have fully briefed the latter motion. The court finds that further briefing or oral argument are unnecessary.

## II. DISCUSSION

### A. Jurisdiction

Both motions filed by the parties concern the court's jurisdiction. Whether the court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). The parties or the court sua sponte may challenge the court's subject matter jurisdiction at any time. Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006).

The ability of the Court of Federal Claims to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969).

The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States that are founded upon the Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2012). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

During the initial stage of proceedings, the court assumes that the allegations in the complaint are true and construes those allegations in the plaintiff's favor. Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). However, if the defendant challenges the factual basis of the court's jurisdiction, contested allegations in the complaint are not controlling. Shoshone Indian Tribe of Wind River Reservation, Wyo. v. United States, 672 F.3d 1021, 1030 (Fed. Cir. 2012). Rather, the plaintiff must come forward with a preponderance of evidence in support of its jurisdictional allegations. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). Plaintiffs proceeding pro se are not excused from meeting basic jurisdictional requirements, Henke, 60 F.3d at 799, even though the court holds their complaints to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520-21 (1972). If the court finds that it lacks subject matter jurisdiction over a claim, RCFC 12(h)(3) requires the court to dismiss that claim.

### B. Plaintiff's Motion to Stay Proceedings

The court first considers plaintiff's motion to stay proceedings on defendant's motion to dismiss to allow for jurisdictional discovery. As plaintiff correctly notes, when an opposing party challenges a jurisdictional fact alleged in a complaint, the court may allow the parties to conduct discovery to resolve the factual dispute. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."); Fairholme Funds, Inc. v. United States, 114 Fed. Cl. 718, 721 (2014) ("[I]t is 'well established that when a motion to dismiss challenges a jurisdictional fact alleged in a complaint, a court may allow discovery in order to resolve the factual dispute.'" (quoting Samish Indian Nation v. United States, No. 02-1383L, 2006 WL 5629542, at *4 (Fed. Cl. July 21, 2006))).[2] Believing that such a factual dispute exists in this case, plaintiff requests discovery to establish that Farmers National Bank and its employees were acting as agents or instrumentalities of the United States, that Farmers National Bank and its employees were acting with the consent of the United States, and that he was a third-party beneficiary of the loan guarantee executed by Farmers National Bank and the Farm Service Agency.

Jurisdictional discovery is not necessary to ascertain whether Farmers National Bank and its employees were acting on behalf of the United States (under any theory) because, as explained below, even if the court assumed such a relationship and that the United States was therefore responsible for the actions of the bank and its employees, the court would still lack jurisdiction to entertain plaintiff's noncontractual claims. Furthermore, as also explained below, the court declines to consider plaintiff's breach-of-contract claims because those claims are currently pending before another judge of this court. Accordingly, the court denies plaintiff's motion.

---

[2] The Federal Circuit cited both Fairholme Funds, Inc. and Oppenheimer Fund, Inc. in commenting that plaintiff may be entitled to discovery in his January 2014 suit to assist him in establishing his standing as a third-party beneficiary of the loan guarantee executed by Farmers National Bank and the Farm Service Agency. See Lea, 2104 WL 5786662, at *4.

### C. Defendant's Motion to Dismiss

Plaintiff moved to stay proceedings on defendant's motion to dismiss in lieu of responding to the substance of defendant's motion. However, the court concludes that a response from plaintiff to defendant's motion is unnecessary due to the indisputable nature of the jurisdictional and procedural deficiencies in plaintiff's second amended complaint. Accordingly, the court addresses whether it possesses jurisdiction to consider plaintiff's claims without further briefing or oral argument.

#### 1. The Court Lacks Jurisdiction to Entertain Plaintiff's Noncontractual Claims

Plaintiff first argues that the United States has taken his property in violation of the Fifth Amendment to the United States Constitution. The Fifth Amendment prohibits the federal government from taking private property for public use without paying just compensation. U.S. Const. amend. V. The Court of Federal Claims possesses jurisdiction to entertain Fifth Amendment takings claims against the United States. See Morris v. United States, 392 F.3d 1372, 1375 (Fed. Cir. 2004) ("Absent an express statutory grant of jurisdiction to the contrary, the Tucker Act provides the Court of Federal Claims exclusive jurisdiction over takings claims for amounts greater than $10,000."). However, to bring suit in the Court of Federal Claims, a plaintiff "must concede the validity of the government action which is the basis of the taking claim . . . ." Tabb Lakes, Ltd. v. United States, 10 F.3d 796, 802-03 (Fed. Cir. 1993); accord Reg'l Rail Reorg. Act Cases, 419 U.S. 102, 126-27 & n.16 (1974) ("[T]he Government action must be authorized. 'The taking of private property by an officer of the United States for public use, without being authorized, expressly or by necessary implication, to do so by some act of Congress, is not the act of the government,' and hence recovery is not available in the Court of Claims." (quoting Hooe v. United States, 218 U.S. 322, 336 (1910))). In this case, plaintiff does not concede the validity of the purported taking of his property. Rather, he argues that the foreclosure proceedings for which the United States purportedly bore responsibility were carried out in violation of federal regulations. Accordingly, the court lacks jurisdiction to consider plaintiff's Fifth Amendment takings claim.

Plaintiff next contends that the United States violated his constitutional right to due process. However, the Court of Federal Claims lacks jurisdiction to entertain claims under the Due Process Clauses of the Fifth and Fourteenth Amendments because those clauses do not mandate the payment of money damages. Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act.").

In addition to his constitutional claims, plaintiff alleges that the United States was unjustly enriched by its actions. The court lacks jurisdiction over claims of unjust enrichment. Cleveland Chair Co. v. United States, 557 F.2d 244, 246 (Ct. Cl. 1977) ("Unjust enrichment cannot in itself be the basis for a recovery here, for it lacks the consensual element needed to find

a contract implied in fact, and only provides support for the remedial device known as a contract implied in law, over which this court has no jurisdiction."). Plaintiff further contends that the United States (and its employees) conspired with private parties to his detriment. But because conspiracy claims sound in tort, the Court of Federal Claims lacks jurisdiction to entertain them. Berdick v. United States, 612 F.2d 533, 536 (Ct. Cl. 1979) ("Clearly [conspiracy] claims sounds in tort, and we have no jurisdiction to hear such claims."); see also 28 U.S.C. § 1491(a)(1) (excluding claims sounding in tort from the jurisdiction of the Court of Federal Claims).

In sum, the court must dismiss plaintiff's constitutional, equitable, and tort claims for lack of jurisdiction.

### 2. Plaintiff's Claims for Breach of Contract Are Duplicative

In addition to his noncontractual claims, plaintiff asserts several breach-of-contract claims.[3] First, he alleges that the United States breached an implied-in-fact contract that was created by the federal regulations governing the process for foreclosing property in which the Farm Service Agency holds an interest. However, as the court previously held in Lea, 2014 WL 2101367, at *3, federal regulations do not create contractual relationships between individuals and the United States, Martinez v. United States, 48 Fed. Cl. 851, 862-63 (2001) (holding that a federal regulation did not create privity of contract between the plaintiff and the government), aff'd, 281 F.3d 1376 (Fed. Cir. 2002); Schuerman v. United States, 30 Fed. Cl. 420, 427 (1994) (same). Thus, the court lacks jurisdiction over plaintiff's implied-in-fact contract claim.

Second, plaintiff alleges that the United States breached an express contract for which he is a third-party beneficiary by allowing the foreclosure of his property to occur, and in doing so, also breached the covenant of good faith and fair dealing. These claims relate to the loan guarantee executed by Farmers National Bank and the Farm Service Agency; plaintiff has alleged no other contract for which he can establish privity with the United States. Notably, plaintiff is already pursuing his claim that the United States breached the loan guarantee in his earlier-filed case.

Federal courts have broad discretion to manage and control the litigation before them. See, e.g., Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (remarking on "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); Amado v. Microsoft Corp., 517 F.3d 1353, 1358 (Fed. Cir.

---

[3] Under the Tucker Act, the court possesses jurisdiction to consider claims founded upon express and implied contracts with the United States. 28 U.S.C. § 1491(a)(1). The court also possesses jurisdiction to consider claims brought pursuant to the Contract Disputes Act of 1978 ("CDA"). Id. § 1491(a)(2). Although plaintiff identifies the CDA as a basis for the court to exercise jurisdiction over his claims in the "Jurisdiction" section of his second amended complaint, he does not allege that he has satisfied any of the CDA's requirements. Accordingly, the court disregards plaintiff's reference to the CDA.

2008) (noting that federal district courts "are afforded broad discretion to control and manage their dockets"). Thus, to promote judicial economy, "protect the parties from vexatious and expensive litigation," and "serve the societal interest in bringing an end to disputes," a federal court may dismiss a suit when it is duplicative of a suit already pending in federal court. Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 692-93 (9th Cir. 2007), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880 (2008); accord Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) ("As between federal district courts . . . the general principle is to avoid duplicative litigation."); Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952) (noting that "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of" problems created by "multiple litigation in the federal judicial system"). Moreover, "[t]he irrationality of tolerating duplicative litigation in the federal system is all the more pronounced where" two federal judges sitting on the same court are "devoting scarce judicial resources to the adjudication of the same charges by . . . the same plaintiff[] against the same defendant[]." Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc., 572 F. Supp. 1210, 1213 (N.D. Ill. 1983).

To be considered duplicative, proceedings must, in general, involve the same parties, the same subject matter, the same relief, and similar issues. See, e.g., Watson v. Jones, 80 U.S. 679, 715 (1871); Complaint of Bankers Trust Co. v. Chatterjee, 636 F.2d 37, 40 (3d Cir. 1980); Calvert Fire Ins. Co. v. Am. Mut. Reins. Co., 600 F.2d 1228, 1233 (7th Cir. 1979); Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977). In both cases pending in this court, plaintiff asserts claims against the United States for breach of contract arising from the foreclosure of his property and, as a result of the United States' purported breach, requests money damages. Accordingly, to promote judicial economy and conserve the parties' resources, the court dismisses the breach-of-contract claims set forth in plaintiff's second amended complaint without prejudice.

### D. Plaintiff's Application to Proceed In Forma Pauperis

As previously noted, plaintiff filed, concurrent with his complaint, an application to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915, the Court of Federal Claims may waive its filing fee under certain circumstances. See 28 U.S.C. § 1915(a)(1); see also Hayes v. United States, 71 Fed. Cl. 366, 366-67 (2006) (concluding that 28 U.S.C. § 1915(a)(1) applies to both prisoners and nonprisoners alike). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress. 28 U.S.C. § 1915(a)(1). Here, plaintiff has substantially satisfied all three requirements. Accordingly, the court grants plaintiff's application and waives his filing fee.

### III. CONCLUSION

For the reasons set forth above, the court **GRANTS** defendant's motion to dismiss. Plaintiff's noncontractual claims and breach-of-an-implied-in-fact-contract claim are **DISMISSED** for lack of jurisdiction, and plaintiff's remaining contractual claims are **DISMISSED** as duplicative. Further, the court **GRANTS** plaintiff's application to proceed in forma pauperis. No costs. The clerk is directed to enter judgment accordingly.

The clerk shall mail a copy of this decision to plaintiff at both addresses on file for him.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge